IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| MARVIN COOTE<br>　　　　　　Plaintiff,<br><br>v.<br><br>PATRICK KEEFE, in his Official Capacity as the Chief of Police of the Town of Andover Police Department,<br><br>　　　　　　Defendant. | DOCKET NO.: 17-11474 |

## VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff Marvin Coote as and for his Complaint against the Defendant Patrick Keefe, Chief of Police of the Town of Andover Police Department in his official capacity (hereinafter termed "Defendant"), state as follows:

1.　　This is a 42 U.S.C. § 1983 action for equitable, declaratory, and injunctive relief challenging the Andover Police Department's policy to refuse to accept Plaintiff's United States Passport as evidence of United States Citizenship and violating Plaintiffs Constitutional rights under Second and Fourteenth Amendments, as well as the Supremacy Clause of the United States Constitution.

## PARTIES

2.　　Plaintiff Marvin Coote ("Mr. Coote") is a resident of Andover, Massachusetts and is a Citizen of The United States of America.

3.　　Defendant Patrick Keefe ("Chief Keefe") is sued in his official capacity as the Chief of Police of the Town of Andover and Town of Andover Licensing Authority ("LA"), responsible for developing, executing and administering the town's customs, practices and policies regarding

firearms licenses pursuant to powers granted by M.G.L. ch. 140, §§131,131A and 129B. Chief Keefe, or his designate, is presently enforcing the town's customs, practices and/or policies complained of in this action.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

5. This Court has personal jurisdiction over the Defendant because, inter alia, he acted under the color of laws, policies, customs, and/or practices of the Commonwealth of Massachusetts and/or within the geographic confines of the Commonwealth of Massachusetts.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

7. The Eastern Division is appropriate pursuant to LR 40.1(D)(1)(b) because all of the parties reside in the Eastern Division.

## CONSTUTIONAL PROVISIONS

8. The Second Amendment provides:

   A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend II.

9. The Second Amendment "guarantees the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller. 554 U.S. 570, 592 (2008).

10. The Second Amendment "is fully applicable against the States." <u>McDonald v.Chicago</u>, 561 U.S. 742 (2010).

11. The Equal Protection Clause of the Fourteenth Amendment provides that a State shall not "deny to any person within its jurisdiction the equal protection of the laws." Under the Equal Protection Clause, "Classifications based on race or national origin and classifications affecting fundamental rights are given the most exacting scrutiny." <u>Clark v. Jeter</u>, 486 U.S. 456, 461 (1988) *internal citations omitted.*

12. The Supremacy Clause, in Article VI: provides that "The Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." <u>U.S. Const, art. VI, §2</u>.

13. "In the absence of an express congressional command, state law is preempted if that law actually conflicts with federal law, see <u>Pacific Gar & Elec. Cp. V. State Energy Resources Conservation and Development Comm'n</u>, 461 U.S. 190, 204 (1983).

14. "That the supremacy of the national power in the general field of foreign affairs, including power over immigration, naturalization and deportation, is made clear by the Constitution, was pointed out by the authors of The Federalist in 1787, and has since been given continuous recognition by this Court." ... "No state can add to or take from the force and effect of such treaty or statute, for Article VI of the Constitution." <u>Hines v. Davidowitz</u>, 312 US 52, 62 (Sup. Ct. 1941).

## FEDERAL LAW GOVERNING EVIDENCE OF CITIZENSHIP

15. A passport, during its period of validity (if such period is the maximum period authorized by law), issued by the Secretary of State to a citizen of the United States shall have the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction. 22 U.S.C. § 2705.

16. A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled: (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization; (2) The child is under the age of eighteen years; (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence. 8 U.S.C. § 1431.

## MASSACHUSETTS HANDGUN LICENSING LAWS

17. It is unlawful to possess, use, or carry a handgun unless one holds a License to Carry Firearms ("LTC"), or perhaps a Firearms Identification Card with associated Permit to Purchase, issued pursuant to M.G.L. ch. 140 § 131. See M.G.L. ch 269 § 10(a); M.G.L. ch 140 §§ 129B-129C.

18. Under M.G.L. ch. 140, §§ 131(d), §131A, and §129B, Massachusetts residents apply for LTCs and FIDs from the police chief of the town or city where they reside or have a place of business. The police chief is authorized by statute as the "Licensing Authority" for all firearms licensing activity. See M.G.L. ch. 140, §§ 121, 131(a), 131(b), 131(d), 131A, 129B

## FACTS

19. Plaintiff Mr. Coote completed a "License to Carry Firearms" application, as provided by the Andover Police Department in order to further secure his right to obtain for self-defense in the home and to maintain proficiency in their use, firearms protected under the Second Amendment.

20. Plaintiff provided his valid U.S. Passport information with a copy of the passport, as well as his U.S. Customs and Border Protection issued NEXUS card with the application as proof of his U.S. citizenship.

21. The Andover Police Department refused to accept and process Plaintiff's LTC application based on lack of proof of Plaintiffs citizenship.

22. The reason given for the refusal to process the application was the absence of a United States Naturalization certificate.

23. The Andover Police Department has not made any specific allegation that Mr. Coote is not a citizen or that his passport is otherwise invalid.

24. On information and belief, the Andover Police Department will not process a License to Carry Firearms or Firearm Identification Card unless the applicant provides a United States Birth Certificate or Naturalization Documents.

25. Plaintiff derived his citizenship through the naturalization of his father in the 1980's. Plaintiff has held a U.S. Passport since at least 1987.

26. Plaintiff did not acquire citizenship at birth and is therefore unable to provide a Birth Certificate issued by a state in the United States.

27. The plaintiff did not naturalize and is therefore unable to provide a Naturalization document or number.

28. According to the federal laws governing naturalization proceedings, the Plaintiff should not have a Naturalization Document due to becoming a citizen under the parent's naturalization process.

29. The Andover Police Department refused to accept plaintiff's United States Passport as evidence of his United States Citizenship.

30. Plaintiff learned that he could apply for a Certificate of Citizenship from the United States State Department.

31. The application via USCIA Form N-600 is required to obtain a Certificate of Citizenship with the fee in the amount of one thousand one hundred and seventy Dollars ($1,170).

## INJURY TO PLAINTIFF

32. The refusal of the Defendant to accept a United States Passport as evidence of United States Citizenship, in accordance with 22 U.S. Code § 2705, precludes the Plaintiff from possessing, using, or carrying handguns for any lawful purpose, particularly, but not limited to self-defense and defense of hearth and home.

33. Plaintiffs' injuries are irreparable as they are deprivations of Constitutional Rights.

## COUNT I
### Facial Violation of Second Amendment Right

34. PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. The Defendant's policy to refuse to process the Firearms License Application of a person with Derived Citizenship, on its face, violates the Plaintiff's individual right to possess a handgun and ammunition for defense of hearth and home secured by the Second Amendment to the United States Constitution.

## COUNT II
### As Applied Violation of Second Amendment Rights

36. PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. The exercise of the Defendant's policy to refuse to process the Firearms License Application of a person with Derived Citizenship, as applied, violates the Plaintiff's individual right to possess a handgun and ammunition for defense of hearth and home secured by the Second Amendment to the United States Constitution.

## COUNT III
## Facial Violation of Fourteenth Amendment Rights

38. PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39. The Defendant's policy to refuse to process the Firearms License Application of a person with Derived Citizenship, on its face, violates the Plaintiffs right to equal protection under the law secured by the Fourteenth Amendment to the United States Constitution.

## COUNT IV
## As Applied Violation of Fourteenth Amendment Rights

40. PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

41. Defendant's policy to refuse to process the Firearms License Application of a person with Derived Citizenship, as applied, violates the Plaintiff's individual right equal protection under the law secured by the Fourteenth Amendment to the United States Constitution.

42. The Defendant's policy to require additional costly paperwork from United States Citizens who acquired Citizenship after birth, as applied, violates the Plaintiff's individual right to equal protection under the law secured by the Fourteenth Amendment to the United States Constitution.

## COUNT V
## Violation of Supremacy Clause

43. PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. Defendant's policy to accept only a birth certificate or naturalization certificate as evidence of United States Citizenship directly contradicts 22 U.S.C. § 2705 which defines proper

documentation of United States Citizenship.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief:

i. Declaratory judgment that any *policy* of refusing to accept a valid United States Passport as evidence of U.S. citizenship for purposes of obtaining a Massachusetts License to Carry Firearms or a Firearms Identification Card violates the Second Amendment to the United States Constitution;

ii. Declaratory judgment that any *practice* of refusing to accept a valid United States Passport as evidence of U.S. citizenship for purposes of obtaining a Massachusetts License to Carry Firearms or a Firearms Identification Card violates the Second Amendment to the United States Constitution;

iii. Declaratory judgment that any *policy* of refusing to accept a valid United States Passport as evidence of U.S. citizenship for purposes of obtaining a Massachusetts License to Carry Firearms or a Firearms Identification Card violates the Fourteenth Amendment to the United States Constitution;

iv. Declaratory judgment that any *practice* of refusing to accept a valid United States Passport as evidence of U.S. citizenship for purposes of obtaining a Massachusetts License to Carry Firearms or a Firearms Identification Card violates the Fourteenth Amendment to the United States Constitution; ·

v. Declaratory judgment that the any *practice* of refusing to accept a United States Passport as evidence of United States Citizenship in conjunction with a License to Carry Firearms of a Firearms Identification Card violates the Third Civil Rights Act, adopted April 20, 1871;

vi. Declaratory judgment that any *policy or practice* requiring specific documentation of United States Citizenship contradicting 22 U.S.C. § 2705 is a violation of the Supremacy Clause and therefore Unconstitutional;

vii. Injunctive relief precluding Defendant and his officers, agents, servants, employees, and all persons in involved in processing firearms applications from refusing to accept a United States Passport as evidence of United States Citizenship;

viii. Attorney's fees and costs pursuant to 42 U.S.C § 1988; and

ix. Such other relief as the court deems just.

Marvin Coote
By his Attorney,

_____
Jeffrey T. Scrimo, Esq.
Lynch Scrimo Attorneys
68 Main Street
PO Box 1787
Lenox, MA 01201
BBO# 649864
Ph: 413-637-1300
Fx: 866-230-7304
jeff@lenoxattorney.com

## VERIFICATION OF COMPLAINT

I, the undersigned, having read the allegations of the foregoing Verified Complaint, hereby certify based upon my personal knowledge and under penalty of perjury that the factual allegations asserted in the Verified Complaint are true and correct, and that matters asserted upon information and belief are believed to be true and correct.

_____
Marvin Coote