IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| MARVIN COOTE<br>          **Plaintiff,**<br><br>v.<br><br>PATRICK KEEFE, in his Official Capacity as the Chief of Police of the Town of Andover Police Department,<br><br>          **Defendant.** | **DOCKET NO.:** 17-11474 |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Now Comes Plaintiff, by and through undersigned counsel, and submits this Memorandum in Support of his Motion for Preliminary Injunction.

### PRELIMINARY STATEMENT OF FACT AND LAW

Defendant enforces and is the Commonwealth of Massachusetts's Firearms Licensing Authority for the Town of Andover. As such, Defendant controls the application process and issuance decisions for firearms licenses for the residents of the Town of Andover pursuant to M.G.L. c. 140 §§ 131, 129B and 131A. Plaintiff, Marvin Coote, has been denied his fundamental Second Amendment and Fourteenth Amendment rights to purchase and possess a firearm in his home for self-defense by Defendant's unlawful refusal to accept Plaintiff's valid U.S. Passport as evidence of his U.S. citizenship for the purpose of submitting an application for a Massachusetts firearms license.

Plaintiff Coote is a forty-four-year-old United States citizen and resident of Andover, Massachusetts. Plaintiff Coote was born in Jamaica, but grew up in New Jersey where he obtained

"derived citizenship" as a child when his father naturalized in the 1980s. As a "derived citizen," Mr. Coote does not have a birth certificate from a state in the United States and the U.S. government does not automatically issue, nor require, a "derived citizen" to obtain a "naturalization number" or document. Plaintiff Coote does possess a valid U.S. Passport and has held a valid U.S. Passport since at least 1987. As declared in 22 U.S.C. § 2705:

> The following documents shall have the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction . . . A passport, during its period of validity (if such period is the maximum period authorized by law), issued by the Secretary of State to a citizen of the United States.

Plaintiff Coote seeks a Massachusetts License to Carry ("LTC") and/or Firearms Identification Card ("FID") so he can purchase and possess a handgun inside his home for self-defense. Plaintiff Coote submitted a complete firearms license application package to Andover Police Department and included a copy of his valid U.S. Passport as evidence of his U.S. citizenship. The Andover Police Department, however, refused to process Mr. Coote's firearms application unless he provided a birth certificate from a state in the United States or provided a naturalization document and number.

Defendant's refusal to accept Plaintiff's valid U.S. Passport as proof of U.S. citizenship for the purpose of submitting a firearms license application violates federal law and deprives Plaintiff Coote of his Second Amendment right to purchase and possess a firearm in his home for self-defense. Importantly, Defendant is not alone in its policy and practice of unlawfully restricting "derived" citizens from exercising their rights under the United States Constitution. At least eight other Massachusetts Licensing Authorities have published official policies prohibiting "derived" citizens from submitting an application for a firearms license using a valid U.S.

Passport as proof of citizenship. Said Licensing Authorities include the towns of Randolph, Lawrence, Somerville, Stoughton, Worcester, Needham, Sherborn and Braintree. *See Exhibit A*.

Plaintiffs respectfully request that this Honorable Court enjoin Defendant from enforcing its unlawful and unconstitutional policy and practice of refusing to accept a valid U.S. Passport as evidence of citizenship for the purpose of submitting a Massachusetts firearms license application.

## ARGUMENT

Plaintiffs are entitled to a preliminary injunction if they can demonstrate that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the injury outweighs any harm that the injunction would inflict on the defendant; and (4) that the injunction would not adversely affect the public interest. See, e.g.. Keds Corp. v. Renee Int'l Trading Corp.. 888 F.2d 215,220 (1st Cir. 1989). For the reasons set forth below, Plaintiff meets all of these requirements.

## I. PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF HIS CLAIMS UNDER THE SECOND AND FOURTEENTH AMENDMENTS

On June 26, 2008, the Supreme Court of the United States held in District of Columbia v. Heller. 128 S.Ct. 2783 (2008) that the right of individuals to keep and bear arms for self-defense is a fundamental right enshrined in the Second Amendment to the United States Constitution. As specifically stated by the Heller Court: "we hold that the District's ban on handgun possession in the home violates the Second Amendment. Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must... issue him a license to carry in the home." Id. On June 28, 2010, the Supreme Court of the United States held in McDonald v. City of Chicago. 130 S. Ct. 3020 (2010), that the Second Amendment right to keep and bear arms restrains state and local governments through incorporation in the Fourteenth Amendment.

Massachusetts statutes establish a licensing scheme by which Massachusetts residents must apply for and be granted a License to Carry ("LTC") or Firearms Identification Card ("FID") through their local town or city police department in order to purchase or possess a firearm in their home. The local police chief acts as the Commonwealth's licensing authority. *See M.G.L. c. 140 §§ 131, 129B and 131A.*

Massachusetts statute prohibits any "alien who does not maintain lawful permanent residency" from obtaining a LTC or FID. *M.G.L. c. 131(d)(v); see also M.G.L. c. 129(b)(vi).* Acordingly, Massachusetts Licensing Authorities require proof of U.S. citizenship from citizen applicants. Federal law clearly declares that a valid U.S. Passport, "shall have the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction." *22 U.S.C. § 2705.* Despite the fact that federal law clearly states that a valid U.S. Passport has the same force and effect as proof of citizenship as Certificates of Naturalization, Defendant has denied Plaintiff his Second Amendment rights by refusing to accept a valid U.S. Passport as evidence of U.S. Citizenship for the purpose of applying for a firearms license.

Defendant's actions in refusing to accept and process Plaintiff's firearms license application because Defendant refuses to accept a valid U.S. Passport as proof of citizenship is a clear violation of federal law that directly infringes on Plaintiff's exercise of Second Amendment rights.

## II. PLAINTIFF COOTE WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY RELIEF.

Plaintiff Coote is presently suffering from a cognizable and irreparable harm stemming from the violation of his constitutional rights. In addressing challenges to the issuance of preliminary injunctions based on constitutional violations, numerous courts have found that "the existence of a continuing

constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest." *Preston v. Thompson, 589 F.2d 300,303 n. 3 (7th Cir. 19780); Burns v. Elrod 509 F.2d 1133 (7th Cir. 1975), Affd, 427 U.S. 347.96 S.Ct. 2673*. As the Supreme Court has noted, "the loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns. 427 U.S. 347,373 (1976)*; *see also, e.g. Deerfield Medical Or. v. City of Deerfield Beach. 661 F.2d 328 (5th Cir. 1981)* ("we have already determined that the constitutional right of privacy is either threatened or is in fact being impaired and this conclusion mandates a finding of irreparable injury."); *11A Charles Alan Wright Arthur R. Miller & Marv Kav Kane, FEDERAL PRACTICE AND PROCEDURE § 2948.1 (2d Ed. 1995)* ("When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."); *Jolly v. Coughlin, 76 F.3d 468,482 (2nd Cir. 1996)*(irreparable harm presumed for alleged Eighth Amendment violation); *Deerfield Medical Center v. Deerfield Beach, 661 F.2d 328,338 (5th Cir. 1981)*(irreparable harm presumed for alleged Fourth Amendment violations). This reasoning essentially collapses the "likelihood of success on the merits" and "irreparable harm" prongs of the injunctive inquiry where constitutional rights are at stake. *Forum for Academic & Inst. Rights v. Rumsfeld, 390 F.3d 219,246 (3d Cir. 2004)*.

The refusal to process Plaintiff's firearms license application implicates a core, fundamental Second Amendment right to possess a firearm in Plaintiff's home for defense of hearth and home. The Court in Heller held that the absolute ban on handgun possession for self-defense in the home "would fail constitutional muster" under *"any* of the standards of scrutiny" applied to enumerated constitutional rights. Heller. 554 U.S. at 628-29 (emphasis added). In this matter Defendant is imposing a continuing, complete ban on Plaintiff's ability to exercise Second Amendment rights. Accordingly, Plaintiff has demonstrated a continuing irreparable constitutional harm.

## III. THE INJURY OUTWEIGHS ANY HARM THAT THE INJUNCTION WOULD INFLICT ON THE DEFENDANT, AND THE INJUNCTION WILL NOT ADVERSELY AFFECT THE PUBLIC INTEREST.

In the present matter, Plaintiff simply seeks an injunction ordering that Defendant abide by federal law and accept a valid U.S. Passport as evidence of citizenship for the purpose of a firearms license application. Plaintiff is NOT seeking an injunction ordering the immediate issuance of a LTC or FID. Nor is he seeking to enjoin the entire operation of the Massachusetts licensing scheme or seeking an order that he be permitted to possess a firearm without a license. Plaintiff merely seeks to enjoin Defendant's refusal to abide by federal law regarding proof of citizenship by means of a valid U.S. Passport for purposes of Massachusetts firearm license applications so that Plaintiff's license application can proceed as it should.

In enjoining Defendant from refusing to process Plaintiff's license application, the balance of harm to the Defendant would be less than the constitutional harm to the Plaintiff. Further, the public would not be adversely affected by the injunction sought herein. Again, Plaintiff is not seeking an injunction ordering that a firearms license be immediately issued. By granting Plaintiff's request for an injunction, the Court would merely be removing an unconstitutional roadblock on the flow of the license application through the licensing process. Accordingly, the license itself could still be denied by the Licensing Authority based on valid federal or state statutory prohibitors, or if the Plaintiff met the definitions of an "unsuitable person" under Massachusetts law. Therefore, neither Defendant nor the public face any different situation or harm than any other applicant for a Massachusetts firearms license.

## CONCLUSION

In conclusion, Defendant's policy and practice of refusing to accept Plaintiff's valid U.S. Passport as proof of citizenship for purposes of accepting and processing his Massachusetts

firearms licensing application is a violation of federal law, and an unconstitutional infringement on Plaintiff's Second and Fourteenth Amendment rights. Defendant's refusal to process Plaintiff's application is an arbitrary enforcement of a complete firearm ban on Plaintiff that cannot possibly satisfy any level of constitutional scrutiny, and indicates that Plaintiff has a high likelihood of success on the merits in this matter. Additionally, the ongoing harm imposed by the denial of Plaintiff's constitutional right is an irreparable harm. Finally, because Plaintiff only seeks to enjoin Defendant's refusal to process the application, and not an affirmative injunction to actually issue a license, it cannot be rationally argued that harm to the defendant or adverse effects to the public would outweigh the ongoing harm to Plaintiff's fundamental constitutional right.

Based on the foregoing, Plaintiff Coote respectfully requests that this Honorable Court ALLOW Plaintiff's Motion for Preliminary Injunction.

> Respectfully Submitted,
> Marvin Coote
> By his Attorney,
>
> /s/ Jeffrey T. Scrimo
> Jeffrey T. Scrimo, Esq. (BBO# 649864)
> Lynch Scrimo Attorneys
> 68 Main Street, PO Box 1787
> Lenox, MA  01201
> Phone:  413-637-1300
> Fax:  866-230-7304
> jeff@lenoxattorney.com

Dated: August 9, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2017, I electronically filed the foregoing Motion for Preliminary Injunction using the CM/ECF system, and have taken steps to serve this Motion and Memorandum upon receipt of a summons via sheriff along with the Complaint to:

Andover Town Hall
ATTN: Town Clerk
36 Bartlet St
Andover, MA 01810

By Certified Mail to:
Massachusetts Attorney General's Office
Honorable Maura Healey
One Ashburton Place
Boston, MA 02108-1518

                                          /s/ Jeffrey T. Scrimo
                                          Jeffrey T. Scrimo, Esq.