**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| **MARVIN COOTE**<br>                    **Plaintiff,**<br><br>v.<br><br>**PATRICK KEEFE, in his Official Capacity as the Chief of Police of the Town of Andover Police Department,**<br><br>                    **Defendant.** | **DOCKET NO.: 1:17-cv-11474-LTS** |

**PARTIES' PROPOSED SCHEDULING ORDER**

In compliance with Fed. R. Civ. P. 16(b) and Local Rule 16.1, counsel for the parties have conferred by telephone and email for the purpose of preparing an agenda of matters to be discussed at the Scheduling Conference of October 10, 2017:

**Timetable for Discovery and Motion Practice**

**Defendant's Position**

There is no need for discovery.  The Plaintiff's complaint is premised on a claim that the Defendant did not process the Plaintiff's application for a license to carry (LTC) a weapon.  As stated in Defendant's Answer (¶20):

> "Plaintiff has provided the Defendant with sufficient documentation such that the Defendant is prepared to accept the documents which the Plaintiff submitted as sufficient proof of the Plaintiff's United States citizenship."

On August 30, 2017 the Plaintiff went to the Andover Police Department and his application was processed and thereafter the application was sent to the Commonwealth for approval.   Upon information and belief the Commonwealth has recently approved his license and

the logistics of the Commonwealth printing his license are underway, a process which ordinarily takes a few weeks.

Accordingly the Plaintiff has no claim against the Defendant.   The Plaintiff is treating this case as a class action which it is not.   The Plaintiff has suffered no damages; his application was processed by the Andover Police Department; he has not been deprived by the Defendant of any constitutional right; he does not have standing to pursue this action; there is no case or controversy; this case is not ripe; and this action is moot.

Furthermore, the Plaintiff is not a prevailing party in this litigation and there is no court ordered consent decree, so he is not entitled to an award of attorney's fees.   Aronov v. Napolitano, 562 F.3d 84 (1st Cir. 2009); Smith v. Fitchburg Public Schools, 401 F.3d 16 (1st Cir 2005).

Nevertheless, in order to comply with Fed.R.Civ.P. 16(b) and Local Rule 16.1, if the Court allows this matter to go forward, the Defendant agrees to the schedule below.

**Plaintiff's Response to Defendant's Position:**

Plaintiff replies that this matter does require discovery and a full Scheduling Order, and that the matter is not moot and/or is squarely within the exception to mootness doctrine known as Voluntary Cessation of Unlawful Conduct, because Defendant's conduct is capable of repetition as to this Plaintiff yet evading review.   "It is well settled that a Defendant's voluntary cessation of allegedly illegal conduct does not moot a case . . ..”   U.S. v Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203 (1968); See also, Friends of the Earth, Inc. v. Laidlaw Envt'l Services, Inc., 528 U.S. 167, 189 (2000).   "The burden of establishing mootness rests squarely on the party raising it, and the burden is a heavy one."   Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003).

Regardless, Plaintiff replies that the matter should be properly and fully briefed in a Motion

to Dismiss or Summary Judgment Motion filed at the appropriate time in accordance with the Court's Scheduling Order, and not in a Rule 16 Proposed Scheduling Order. Accordingly, Plaintiff refrains from more fully briefing the matter herein.

## **Proposed Scheduling Order**

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by November 10, 2017.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after January 3, 2018.

3. **Fact Discovery – Interim Deadlines.**

    The parties will serve any written discovery requests by December 1, 2017.

    All depositions, other than expert deposition, must be completed by March 16, 2018.

4. **Fact Discovery – Final Deadline.** All discovery, other than expert discovery, must be completed by March 19, 2018.

5. **Status Conference.** A status conference will be held on _____.

6. **Expert Discovery.**

    Trial experts for the Plaintiff must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by December 8, 2017.

    Defendant's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by January 17, 2018.

    All trial experts must be deposed by May 25, 2018.

7. **Dispositive Motions.**

    a. Parties may serve a motion for summary judgment no later than July 10, 2018.

    b. The parties will respond pursuant to the deadlines set forth in LR 56.1.

8. **Initial Pretrial Conference.** An initial pretrial conference will be held on _____ at _____ a.m./p.m.
    The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five business days prior to the date of the conference.

Respectfully submitted,

| THE PLAINTIFF | THE DEFENDANT |
|---|---|
| MARVIN COOTE | By his Attorney, |
| By his attorneys, | PATRICK KEEFE IN HIS CAPACITY AS CHIEF OF THE TOWN OF ANDOVER POLICE DEPARTMENT |
| */s/ Jeffrey T. Scrimo* | */s/Thomas Urbelis* |
| Jeffrey T. Scrimo (BBO# 649864) | Thomas Urbelis (BBO#506560) |
| Lynch Scrimo─Attorneys | Urbelis & Fieldsteel, LLP |
| PO Box 1787 | 155 Federal Street |
| 68 Main St., 2nd Floor | Boston, MA 02110 |
| Lenox, MA 01240 | (P) 617-338-2200 |
| (P) 413-637-1300 | (F) 617-338-0122 |
| (F) 866-230-7304 | tju@uf-law.com |
| jeff@lenoxattorney.com | |

Dated:   October 4, 2017

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 4th day of October 2017.

*/s/ Jeffrey T. Scrimo*
Jeffrey T. Scrimo, Esq.